ADVANCE GIN AND MILL COMPANY *v.* JOSEPH THOMAS.

1. PUBLIC NUISANCE. *Specific tort. Negligence.*

   The law of public nuisances is not pertinent to an action for personal
   injuries caused by defendant's specific acts of negligence.

2. EVIDENCE. *Rulings. When not reversible error.*

   The admission or exclusion of evidence will not constitute reversible
   error where it is apparent that the verdict rendered would have
   been reached with or without the evidence.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Thomas, the appellee, was plaintiff in the court below, and
the Gin and Mill Company, appellant, was defendant there.
From a judgment for $500 in plaintiff's favor defendant ap-
pealed to the supreme court. The suit was for personal
injuries. It appeared that in June, 1899, plaintiff was walk-
ing upon a sidewalk on a much frequented street in Vicksburg,
when, without warning, defendant began cleaning out its
boilers, and from its open-ended blow pipe blew out steam and
hot water, throwing the same over and against plaintiff's per-
son, confusing, frightening, blinding and scalding plaintiff, and
causing him to fall into an open gutter filled with boiling
water, from all of which plaintiff suffered much damage.

Upon the trial defendant offered to show by a witness that the street was almost wholly devoted to manufacturing establishments and railroad tracks. Upon objection to this evidence the defendant insisted that it tended to show that what was done was not a nuisance because of the environments. The court below sustained the objection and the evidence was rejected. The plaintiff in rebuttal was permitted, over defendant's objection, to introduce in evidence the subpœna referred to in the opinion of the court as tending to contradict defendant's witness.

*S. S. Hudson,* for appellant.

The court below erred in excluding the testimony of Morrisey. He testified that the street, on which the Advance Gin & Mill Company's plant is situated, is a manufacturing street mainly, with a number of large plants run by steam power on it, and several railroads tracks upon which trains are constantly passing running down it. That which might be a nuisance *per se* on a residence street might become a nuisance only by the negligence of the operator on the street in question, or it might be an actual necessity to the inconveniences of which the public would have to submit. Wood on Nuis., 2. Therefore the character of the street was competent, and the testimony should not have been excluded. These large plants have a right to drain their surplus water off through the public gutters. The defendant was within its rights in draining its surplus water through the public gutter in which the plaintiff was scalded.

The gutter was not made for vehicles, for horsemen, nor for footmen, and one driving, riding or walking therein must be a trespasser. The gutters are constructed to drain off water, and any other use of them would defeat that object by breaking down their sides and filling them up. If plaintiff was in the gutter by his own wrong, uninfluenced by any act of defendant, and while in there was hurt by the hot water, even though the defendant might have been guilty of negligence that

amounted to nuisance, in allowing the hot water to run uncovered, he was guilty of contributory negligence and should not recover. There was evidence that plaintiff was in the gutter of his own uninfluenced volition.

The court below committed a grave error, prejudicial to defendant, in allowing the plaintiff, over the objection of defendant, to introduce a subpœna for Clendenning in the case of *Thomas* v. *City of Vicksburg*, and argue it as a rebuttal of defendant's testimony.

*Henry, Scudder & Mulligan*, for appellee.

In this case the law of negligence applies, and not the law of nuisance, as argued by appellant.

CALHOON, J., delivered the opinion of the court.

We cannot concur with counsel for appellant that the general law as to public nuisances has any pertinancy to this case, which is an action for damages for a specific injury, caused by a specific act of negligence.

The jury found for plaintiff, and it is not conceivable that their verdict could have been affected whether the action of the court below in reference to Morrissey's testimony or the Clendenning subpœna was right or wrong.

In the instructions given for defendant it got the benefit of every principle it was entitled to under the evidence.

*Affirmed.*